# Exhibit 1: Preliminary Hearing Report dated March 13th, 2019.

# PRELIMINARY HEARING OFFICER'S REPORT
### (Of Charges Under Article 32, UCMJ and R.C.M. 405, Manual for Courts-Martial)
Use this version of DD Form 457 for hearings conducted on or after 1 January 2019

| 1a. FROM: (Name of Preliminary Hearing - Officer Last, First, MI) McDonald, Michael, J. | b. GRADE Maj | c. ORGANIZATION 1st MLG | | d. DATE OF REPORT 20190313 |
|---|---|---|---|---|
| 2a. TO: (Name of Officer who directed the Preliminary Hearing - Last, First, MI) Stoddard, Kyle, M. | b. TITLE Commander | | c. ORGANIZATION School of Infantry-West, Training Command | |
| 3a. NAME OF ACCUSED (Last, First, MI) Schillo, Jonathan, E. | b. GRADE Maj | c. ORGANIZATION School of Infantry-West | | d. DATE OF CHARGES 20190111 |

| (Check appropriate answer) | YES | NO |
|---|---|---|
| 4. IN ACCORDANCE WITH ARTICLE 32, UCMJ, AND R.C.M. 405, MANUAL FOR COURTS-MARTIAL, I CONDUCTED A PRELIMINARY HEARING CONCERNING THE CHARGES APPENDED HERETO (Exhibit 1) | ☒ | ☐ |
| 5. THE ACCUSED WAS REPRESENTED BY COUNSEL (If not, see 9 below) | ☒ | ☐ |
| 6. COUNSEL WHO REPRESENTED THE ACCUSED WAS QUALIFIED UNDER R.C.M. 405(d)(3), 502(d)(2) | ☒ | ☐ |

| 7a. NAME OF DEFENSE COUNSEL (Last, First, MI) Sigala, Vanesa, E. | b. GRADE Maj | 8a. NAME OF ASSISTANT DEFENSE COUNSEL (If any) Aaron Meyer (Civilian Counsel) | b.GRADE N/A |
|---|---|---|---|
| c. ORGANIZATION (If appropriate) Defense Services Organization | | c. ORGANIZATION (If appropriate) N/A | |
| d. ADDRESS (If appropriate) N/A | | d. ADDRESS (If appropriate) N/A | |

**9. TO BE SIGNED BY ACCUSED IF ACCUSED WAIVES COUNSEL. (If accused does not sign, preliminary hearing officer will explain in detail in item 24.)**

| a. PLACE N/A | b. DATE |
|---|---|

I HAVE BEEN INFORMED OF MY RIGHT TO BE REPRESENTED AT THIS PRELIMINARY HEARING BY COUNSEL, INCLUDING MY RIGHT TO CIVILIAN OR MILITARY COUNSEL OF MY CHOICE IF REASONABLY AVAILABLE. I WAIVE MY RIGHT TO COUNSEL AT THIS PRELIMINARY HEARING.

c. SIGNATURE OF ACCUSED

| 10. AT THE BEGINNING OF THE PRELIMINARY HEARING, I INFORMED THE ACCUSED OF: (Check appropriate answer) | YES | NO |
|---|---|---|
| a. THE RIGHT TO BE ADVISED OF THE CHARGES UNDER CONSIDERATION | ☒ | ☐ |
| b. THE IDENTITY OF THE ACCUSER | ☒ | ☐ |
| c. THE RIGHT AGAINST SELF-INCRIMINATION UNDER ARTICLE 31, UCMJ | ☒ | ☐ |
| d. THE PURPOSE OF THE PRELIMINARY HEARING | ☒ | ☐ |
| e. THE RIGHT TO BE PRESENT THROUGHOUT THE TAKING OF EVIDENCE (EXCEPT AS DESCRIBED IN R.C.M. 804(c)(2)) | ☒ | ☐ |
| f. THE WITNESSES AND OTHER EVIDENCE KNOWN TO ME WHICH I EXPECTED THE GOVERNMENT TO PRESENT | ☒ | ☐ |
| g. THE RIGHT TO CROSS-EXAMINE WITNESSES ON MATTERS RELEVANT TO THE ISSUES FOR DETERMINATION IN R.C.M. 405(a) | ☒ | ☐ |
| h. THE RIGHT TO PRESENT MATTERS RELEVANT TO THE ISSUES FOR DETERMINATION IN R.C.M. 405(a) | ☒ | ☐ |
| I. THE RIGHT TO MAKE A SWORN OR UNSWORN STATEMENT RELEVANT TO THE ISSUES FOR DETERMINATION IN R.C.M. 405(a) | ☒ | ☐ |
| 11a. THE ACCUSED AND ACCUSED'S COUNSEL WERE PRESENT THROUGHOUT THE PRESENTATION OF EVIDENCE (If the accused or counsel were absent during any part of the presentation of evidence, complete item 11b below.) | ☒ | ☐ |

b. STATE THE CIRCUMSTANCES AND DESCRIBE THE PROCEEDINGS CONDUCTED IN THE ABSENCE OF ACCUSED OR COUNSEL

NOTE: If additional space is required for any item, enter the additional material in Item 24 or in the report referenced in Block 12b. Identify such material with the proper numerical and, if appropriate, lettered heading. (Example: "7c".)

DD FORM 457, JAN 2019          PREVIOUS EDITION IS OBSOLETE.

ENCLOSURE (1)

**12a. THE FOLLOWING WITNESSES TESTIFIED UNDER OATH:**

| NAME (Last, First, MI) | GRADE (If any) | ORGANIZATION/ADDRESS (Whichever is appropriate) | YES | NO |
|---|---|---|---|---|
| McTigue, Thoms, R. | 1stSgt | SOI-West | ☒ | ☐ |
| Retter, Jason, A. | Capt | SOI-West | ☒ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |

| | | YES | NO |
|---|---|---|---|
| b. THE PRELIMINARY HEARING REPORT REQUIRED BY RCM 405(l) IS ATTACHED | | ☒ | ☐ |
| c. AT THE HEARING, EVIDENCE WAS OFFERED UNDER MILITARY RULES OF EVIDENCE (Check appropriate box(es)) ☐ 412  ☐ 513  ☐ 514 | | ☐ | ☒ |
| d. PORTIONS OF THE HEARING WERE CLOSED | | ☐ | ☒ |
| e. SEALED MATERIALS ARE INCLUDED IN THIS REPORT | | ☐ | ☒ |

| 13a. THE FOLLOWING STATEMENTS, DOCUMENTS, OR MATTERS WERE CONSIDERED; THE ACCUSED WAS PERMITTED TO EXAMINE EACH | | ☒ | ☐ |
|---|---|---|---|

| DESCRIPTION OF ITEM | LOCATION OF ORIGINAL (If not attached) | | |
|---|---|---|---|
| See Addendum | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

| | | YES | NO |
|---|---|---|---|
| b. EACH ITEM CONSIDERED, OR A COPY OR RECITAL OF THE SUBSTANCE OR NATURE THEREOF, IS ATTACHED | | ☒ | ☐ |
| 14. THERE ARE GROUNDS TO BELIEVE THAT THE ACCUSED WAS NOT MENTALLY RESPONSIBLE FOR THE OFFENSE(S) OR NOT COMPETENT TO PARTICIPATE IN THE DEFENSE (See R.C.M. 909, 916(k)) | | ☐ | ☒ |
| 15. ALL ESSENTIAL WITNESSES WILL BE AVAILABLE IN THE EVENT OF TRIAL | | ☐ | ☒ |
| 16. AN EXPLANATION OF ANY DELAYS IN THE HEARING IS ATTACHED HERETO | | ☒ | ☐ |
| 17. EACH SPECIFICATION ALLEGES AN OFFENSE | | ☒ | ☐ |
| 18. THERE IS PROBABLE CAUSE TO BELIEVE AN OFFENSE HAS BEEN COMMITTED AND THAT THE ACCUSED COMMITTED THE OFFENSE | | ☒ | ☐ |
| 19. THE UNITED STATES HAS JURISDICTION OVER THE OFFENSE(S) AND THE ACCUSED | | ☒ | ☐ |
| 20. ADDITIONAL UNCHARGED MISCONDUCT WAS CONSIDERED AND A RECOMMENDATION FOR DISPOSITION IS ATTACHED HERETO | | ☒ | ☐ |
| 21. SUPPLEMENTARY MATERIALS SUBMITTED PURSUANT TO R.C.M. 405(k) | | ☐ | ☒ |
| 22. I AM NOT AWARE OF ANY GROUNDS THAT WOULD DISQUALIFY ME FROM ACTING AS A PRELIMINARY HEARING OFFICER | | ☒ | ☐ |

**23. I RECOMMEND:**

a. TRIAL BY: ☐ SUMMARY    ☐ SPECIAL    ☐ GENERAL COURT-MARTIAL

b. ☒ OTHER (Specify) Alternate Disposition.

**24. REMARKS (Include, as necessary, explanation for any answers above.)**

See Addendum.

| 25a. TYPED NAME OF PRELIMINARY HEARING OFFICER | b. GRADE | c. ORGANIZATION |
|---|---|---|
| Michael J. McDonald | Maj | 1st MLG |

| d. SIGNATURE OF PRELIMINARY HEARING OFFICER | e. DATE |
|---|---|
| MCDONALD.MICHAEL.JACK. ▮▮▮▮ Digitally signed by MCDONALD.MICHAEL.JACK. ▮▮▮ Date: 2019.03.13 19:11:35 -07'00' | 20190313 |

DD FORM 457, JAN 2019                    PREVIOUS EDITION IS OBSOLETE.

13 Mar 19

PRELIMINARY HEARING OFFICER'S REPORT, DD FORM 457, SUPPLEMENTAL PAGE

From:  Major M. J. McDonald, Preliminary Hearing Officer
To:    Col K. M. Stoddard, Commanding Officer

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
       JOHNATHAN E. SCHILLO, USMC

Ref:   (a) Appointment letter ltr 5811 of 5 Feb 19
       (b) Article 32, Uniform Code of Military Justice (UCMJ)
       (c) Rule for Courts-Martial (R.C.M.) 405

1.     In accordance with references (a) through (c), I am submitting my preliminary hearing report for your review and consideration if the case against Major Jonathan E. Schillo, U.S. Marine Corps. The following information is a supplement to DD Form 457 and includes the required information noted in R.C.M. 405(l).

2.     The preliminary hearing was held on 28 February 19 at Camp Pendleton, CA.

3.     Block 12a. 1stSgt Thomas McTigue and Captain Jason Retter testified during the preliminary hearing under oath. 1stSgt McTigue testified in person and Captain Retter testified telephonically.

4.     Block 13a. The following statements, documents or matters were considered; the accused was permitted to examine each.

| Exhibit No. | Description | Location of original |
|---|---|---|
| 1 | Charge Sheet | LSSS-West |
| 2 | Appointing Order | LSSS-West |
| 3 | Selected portions of Accused MCTFS Print out | Attached |
| 4 | Results of NCIS Victim Interview dtd 28 June 2018 | Attached |
| 5 | DVD Containing Recorded NCIS Victim Interview | Attached |
| 6 | Txt Messages btw Victim and 1stSgt McTigue | Attached |
| 7 | Results of NCIS Scene Documentation | Attached |
| 8 | Accused Hotel Invoice | Attached |
| 9 | Victim Hotel Invoice | Attached |
| 10 | Statement of Captain Retter dtd 19 Jun 2018 | Attached |
| 11 | Statement of 1stSgt McTigue dtd 6 Aug 2018 | Attached |
| 13 | Accused Criminal Records Check dtd 17 Jul 18 | Attached |
| 14 | Victim Criminal and Military Records Check | Attached |

Subj:   PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

| 15 | Character Ref Maj Schillo | Attached |
| 16 | Awards Maj Schillo | Attached |
| 18 | Defense Request for Witnesses | Attached |
| 19 | Government Response | Attached |
| 20 | Defense Request for Evidence | Attached |
| 21 | Government Response | Attached |
| 22 | Defense Request for Continuance(Email Chain) | Attached |
| 20 | Government Comments on Evidence | Attached |
| 21 | Defense Comments on Evidence | Attached |
| 22 | Recorded Preliminary Hearing | Attached |

5.    The following information is provided in accordance with R.C.M. 405(l)(2):

a. **PHO Qualifications.** The Preliminary Hearing Officer (PHO) is Major Michael J.
McDonald. I am a designated judge advocate who is certified under Article 27(b). I am equal in
rank to the accused and equal or senior in rank to counsel for the government (GC) and defense
counsel (DC). I am not aware of any grounds for bias, prejudice, or impropriety that would
disqualify me from serving as a PHO in the present case. The DC did not object to me serving as
the PHO.

b. **Government Counsel.** The government was represented by Major Aran Walsh and
Captain Jasper Casey, U.S. Marine Corps. Major Walsh and Captain Casey serve as
Government Counsel at Camp Pendleton, Ca. They may be contacted at 760-725-4905 or 760-
725-4820. Major Walsh came in midway through the proceeding due to a previously scheduled
and mandatory court hearing. Captain Casey was present throughout the hearing.

c. **Defense Counsel.** The accused was represented by Major Vanessa Sigala. Major
Sigala serves as Defense Counsel at Camp Pendleton, Ca. She may be contacted at 760-725-
3548. She was present throughout the hearing of evidence. Major Schillo was also represented
by civilian defense counsel, Mr. Aaron Meyer, Esq., of AARON MEYER LAW, 23046
Avenida De La Carlota, Suite 600 Laguna Hills, CA 92653 who was also present
throughout the hearing of the evidence.

d. **Victim's Legal Counsel.** MSgt J.E.R. is a victim in this case as defined by R.C.M.
405(g)(1). No counsel appeared for MSgt J.E.R. it appears that MSgt J.E.R. has been offered and
declined military VLC). GC represented that they advised MSgt J.E.R. of his rights under
Article 6b, Article 32, and R.C.M. 405(g).

e. **Delays.** The date, place, and uniform of the day for the hearing were established by
the Convening Authority in his letter of 5 Feb 2019. Defense requested a delay until 28 February
2019 in order to allow for the presence of Detailed Defense Counsel. Counsel accepted delay as
excludable attributable to defense. Pursuant to the authority delegated to me in the appointing
order I find the delay between 5 Feb 2019 and 28 Feb 2019 as excludable. Counsel for both
sides also requested to submit closing remarks and objections in writing after the conduct of the

Subj:   PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
        JOHNATHAN E. SCHILLO, USMC

hearing. They requested delay until 6 Mar 2019. The PHO granted this delay and closed the
hearing on 6 March 2019.

      f.  **Recording.** The hearing was recorded using a digital audio recorder. Captain Casey
operated the recorder throughout the hearing and has verified that the hearing was correctly and
completely recorded. A digital file of the recording is attached to this report as Enclosure 19.

      g.  **Format and Personal Data on the Charge Sheet.** The charge sheet was reviewed by
the PHO, GC, and DC. The format and personal data on the charge sheet is in the correct format

      h.  **Military Witnesses.** Prior to the preliminary hearing, DC requested that 1stSgt
Thomas McTigue and Captain Jason Retter as witnesses. The government objected to
production of these witnesses. At defense request, I determined that the military witnesses were
relevant, not cumulative, and necessary. GC contacted Captain Retter and 1stSgt McTigue and
asked them to be available to testify during the hearing. Both military witnesses provided sworn
testimony during the preliminary hearing in the subject case. Captain Retter appeared
telephonically.

      i.  **Civilian Witnesses.** DC also requested that NCIS Special Agent (SA) Furman
Nunez appear at the preliminary hearing. SA Nunez was the SA assigned for the case. I found
SA Nunez's testimony to be cumulative with the NCIS reports and witness statements provided
by GC during the Preliminary Hearing.

      j.  **Issues related to victims of alleged offenses.**

      (1) Defense Counsel requested MSgt J.E.R. be produced to testify during the
preliminary hearing. GC informed the PHO and DC that MSgt J.R.E. chose not to testify after
being properly advised of his rights. The Victim was not present during the preliminary hearing.

      (2) There were no relevant issues under M.R.E. 412, 514, or 514.

      (3) There are no sealed matters in the PHO's report.

      k.  **Case testimony and synopsis.**

      (1) 19 Jun 18 MSgt J.E.R.(Victim) provided a recorded statement to a Special Agent
with the Naval Criminal Investigative Service. The following is a summary from that recorded
statement.

      (2) On 13 June 2018, Victim and Major Schillo (Accused) attended a conference in
Quantico, VA. After the conference they both traveled to a local brewery, and then proceeded
back to their hotel room, the Comfort Inn in Stafford, VA. Once back at the hotel they met in the
Victim's room to work on a project for the conference. While in the room both the Victim and
the Accused continued to consume alcohol.

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

(3) At one point in the evening, the Victim suggested that the Accused should leave the room. The Accused continued to stay and drink in the Victim's room and on several occasions tried to show the Victim some wrestling moves.. The Victim called and texted his OIC (Captain Retter) because he believed that the Accused was acting inappropriately. Later that evening the Accused stood up from his chair with his pants zipper down with his penis exposed. The Accused walked into the restroom and began to urinate missing the toilet and urinating on the floor and walls. After using the restroom, the Accused returned to his chair with his zipper down but with his penis back inside of his pants.

(4) Later that evening, the Victim went into the head and the Accused began to follow him wedging his foot in the door. The Victim pushed the door closed. When the Victim returned, the Accused sat between the two hotel beds in a chair and at one point tried to put the Victim in an arm lock. The Victim rolled off the bed and then told the Accused he had to leave. The Accused remained in the room and the Victim exited and called 1stSgt McTigue. The Victim then went down to the hotel lobby and asked the front desk clerk to help escort the Accused from his room. When they returned from to room the Accused was no longer there.

(5) The next day the Accused came to the Victim's door looking for his phone. He apologized for the evening. The Victim did not attend the conference due to feeling sick from the night before.

l. **Analysis of offenses.**

(1) **Charge I, Sole Specification  Violation of the UCMJ Article 120c**

Elements:
a. That on or about 13 Jun 18 the Accused exposed his penis.
b. That such exposure was intentional.
c. That such exposure was done in an indecent manner.

Definitions:
a. "Intentional" means willful or on purpose. An act done as the result of a mistake or accident is not done "intentionally."

b. "Indecent manner" means conduct that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations.

**Summary of Testimony and Documentary Evidence (R.C.M. 405(l)(2)(C))**

The evidence for this charge comes primarily from a recorded interview given by the Victim to NCIS on 18 Jun 2018. During that interview at approximately minute 21:30, the Victim states that the Accused stood up from his chair with the zipper to his pants down and with his penis exposed. He then states that the

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

Accused went into the restroom and proceeded to miss the toilet while urinating
instead urinating on the floor and walls. When the Accused returned his zipper
was still undone but his penis was back in his pants. Later during the interview at
35:30 the Victim states that the Major stood up and proclaimed "I've got to piss"
and that he intentionally had his penis exposed. The Victim described the
Accused penis as circumcised.

During the incident, the Victim called 1stSgt Ryan McTigue on his cellular
telephone. First Sergeant McTigue gave a written statement to NCIS on 6 Aug
2018 and provided sworn testimony during the Article 32 hearing. In his
statement to NCIS and in his sworn testimony 1stSt McTigue stated that on the
13th of June, he received a call from the Victim. During the call the MSgt
indicated that the Accused was acting "weird". During the call on the 13th of
June, the Victim never stated that the Accused had exposed himself. The 1stSgt
indicated that the Victim's statements seemed "fragmented" and were hard to
follow. On the 14th of June, the Victim stated to the 1stSgt that the Accused had
his penis out of his pants and was telling the Victim that they should wrestle.

During the incident prior to the alleged exposure, the Victim also called Captain
Jason Retter. Captain Retter provided a sworn statement to NCIS on 19 June
2018 and provided sworn testimony during the preliminary hearing. Captain
Retter stated that he received text messages and a phone call from the Victim on
the evening in question. The Victim indicated that the Accused was out of
control. Captain Retter indicated that the Victim's phone call was extremely
"weird" and "sounded like interactions most people have with drunk friends."

**Determination as to whether specification alleges an offense (R.C.M. 405(a))**

The specification as written states an offense and is drafted properly.

**Determination as to probable cause (R.C.M. 405(a))**

There is NO probable cause for this charge and specification. Probable means
more than a bare suspicion, but less evidence than would justify a conviction at
court-martial. It exists when there is reasonable trustworthy information which
would lead an officer of ordinary and care and prudence to entertain an honest and
strong suspicion that the Accused committed the charges alleged. *see* Illinois v.
Gates, 262 U.S. 213, 236-39 (1983). There must be probable cause for every
element of the offense charged. Charge I and is sole specification fails due to the
inability to prove "intentional" and "indecent" exposure. The Victim describes
the Accused as being overly intoxicated to the point of urinating on the floor and
walls of the restroom. The Victim's description of exposure indicates that the
Accused's penis was out of his pants when he stood up, that it wasn't erect, and
that he stated he had to use the restroom. "Intentional" means willful or on
purpose. An act done as the result of a mistake or accident is not done

5

Subj: PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

intentionally. The Victim's description indicates that the exposure was likely
accidental. Later after receiving follow on questions by the NCIS agent the
Victim indicates that the Accused intended to expose himself but the totality of
the circumstances indicate the opposite. In addition to the requirement that the
exposure be intentional, the exposure must also have been done in an "indecent
manner". "Indecent manner" means conduct that amounts to a form of
immorality relating to sexual impurity which is grossly vulgar, obscene, and
repugnant to common propriety, and tends to excite sexual desire or deprave
morals with respect to sexual relations. There is nothing about this exposure
which would tend to excite sexual desire or deprave morals with respect to sexual
relations. Based on the totality of the circumstances there is a lack of reasonable
trustworthy information which would lead an officer of ordinary and care and
prudence to entertain an honest and strong suspicion that the Accused
intentionally and indecently committed the charge as alleged.

**Determination as to jurisdiction (R.C.M. 405(a))**
There is jurisdiction over the Accused and the charged offense.

(2) **Charge II, Sole Specification (Article 128 Assault and Battery)**

**Elements**
a. That at or near Stafford, VA the Accused did bodily harm to the Victim

b. That the Accused did so by grabbing the Victim's arm and waste with his
hand.

c. That the bodily harm was done with unlawful force or violence.

**Definitions**
a. "Assault" is an attempt or offer with unlawful force or violence to do
bodily harm to another. An assault in which bodily harm is inflicted is called
a battery.

b. A "battery" is an unlawful and intentional (or) (culpably negligent)
application of force or violence to another. The act must be done without
legal justification or excuse and without the lawful consent of the victim.

c. "Bodily harm" means any physical injury to or offensive touching of
another person, however slight.

**Summary of Testimony and Documentary Evidence (R.C.M. 405(l)(2)(C))**

The evidence for this charge comes primarily from the Victim's recorded
interview by NCIS conducted on 18 Jun 2018. During that interview, at minute
17:45 the Victim states that the Accused was doing "weird" wrestling stuff like

6

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

grabbing my arm and putting his arm around my waist. "Like two Marines
wrestling around or whatever." The Victim indicates that this happened a couple
of times and that the Victim pushed the Accused away. At 49:54 the Victim
elaborates that several time he told the Accused "what the fuck are you doing"
and pushed him away. The Victim indicates that he never told the Accused "No
don't do that" but says that he pushed the Accused away on several occasions.

On the night in question the Accused also called 1stSgt McTigue. 1st Sgt
McTigue stated in his sworn statement to NCIS that the Victim told him on the
evening of 13 June that the Accused grabbed him by the arm in a way that made
him feel uncomfortable and wasn't like a way a guy would grab another guy to
wrestle around.

The Victim also contacted Captain Retter stating that the Accused was out of
control. An Assault is an attempt or offer with unlawful force or violence to do
"bodily harm" to another. Bodily harm is any offensive touching to another
however slight. In this case the non-consensual act of grabbing the arm or waist
of the Victim provides sufficient justification to support probable cause.

**Determination as to whether specification alleges an offense (R.C.M. 405(a))**
The specification alleges an offense and is drafted in the proper form.

**Determination as to probable cause (R.C.M. 405(a))**
There is probable cause for Charge II and the sole specification thereunder. The
Victim makes clear that he pushed the accused away on several occasions and that
he was not engaged in consensual wrestling with the Accused. This unwanted
contact is corroborated by the Victim's multiple phone calls to his chain of
command indicating that the Accused was attempting to wrestle him and was
acting "weird."

**Determination as to jurisdiction (R.C.M. 405(a))**
There is jurisdiction over the Accused and the Offense.

(3) **Charge III, Sole Specification (Article 133 Conduct Unbecoming)**

**Elements**
a. That the Accused exposed his penis to the Victim.

b. That the conduct under the circumstances was unbecoming an officer and
a gentlemen

**Definitions**
"Conduct unbecoming an officer and a gentleman" means behavior in an
official capacity which, in dishonoring or disgracing the individual as a
commissioned officer, seriously detracts from his character as a gentleman

7

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
       JOHNATHAN E. SCHILLO, USMC

or behavior in an unofficial or private capacity which, in dishonoring or
disgracing the individual personally, seriously detracts from his standing as a
commissioned officer. "Unbecoming conduct" means misbehavior more
serious than slight and of a material and pronounced character. It means
conduct morally unfitting and unworthy rather than merely inappropriate or
unsuitable misbehavior which is more than opposed to good taste or
propriety.

<u>Summary of Testimony and Documentary Evidence (R.C.M. 405(l)(2)(C))</u>
As discussed above the Victim describes a circumstance where the Accused
became extremely intoxicated and stood up with his pants unbuttoned with his
penis exposed.  The Accused then proceed to go to the restroom and urinate on
the floor and walls of the Victim's hotel room.

<u>Determination as to whether specification alleges an offense (R.C.M. 405(a))</u>
The specification as charged alleges an offense and is in the proper format.

<u>Determination as to probable cause (R.C.M. 405(a))</u>
There is NO probable cause to support the offense as charged.  Article 133 of the
UCMJ requires that "whenever the offense charged is the same as a specific
offense set forth in this Manual, the elements of proof are the same as those set
forth in the paragraph which treats that specific offense (i.e. 120c indecent
exposure), with the additional requirement that the act or omission constitute
conduct unbecoming an officer and a gentlemen."  For the reasons discussed in
the previous charge, this charge also fails to support a finding of probable cause.

<u>Determination as to jurisdiction (R.C.M. 405(a))</u>
There is jurisdiction over the accused and the offense.

(4)  **Charge IV, Specification 1 (Article 134 Drunk and Disorderly)**

<u>Elements</u>
**a.  That at or near Stafford VA, the accused was drunk and disorderly on or
about 13 June 2018; and**

**b.  That, under the circumstances, the conduct of the accused was to the
prejudice of good order and discipline in the armed forces and of a nature to
bring discredit upon the armed forces.**

<u>Definitions</u>
**a.  "Disorderly" refers to conduct which is of such a nature as to affect the
peace and quiet of persons who may witness it and who may be disturbed or
provoked to resentment thereby. It includes conduct that endangers public
morals or outrages public decency and any disturbance of a contentious or
turbulent character.**

8

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

b. "Drunk" means any intoxication which is sufficient to impair the rational
and full exercise of the mental or physical faculties. A person is drunk who is
under the influence of an intoxicant so that the use of (his) (her) faculties is
impaired. Such impairment did not exist unless the accused's conduct due to
intoxicating (liquors) (drugs) was such as to create the impression within the
minds of observers that (he) (she) was unable to act like a normal, rational
person.

**Summary of Testimony and Documentary Evidence (R.C.M. 405(l)(2)(C))**
In his Statement to NCIS on 18 Jun 2018, the Victim describes numerous
instances of the Accused's drunk and disorderly behavior on the night of 13 June
2018. The Accused attempted to drunkenly wrestle the Victim on multiple
instances. He urinated over the restroom floor and walls of his subordinate's
hotel room. He had his pants undone with his penis out prior to entering the
restroom.

This is corroborated by the Victim's two phone calls during the incident to his
1stSgt and to his Captain. Both calls indicated that the Accused was acting
"weird" and out of control.

**Determination as to whether specification alleges an offense (R.C.M. 405(a))**
The specification alleges an offense and is in the proper form.

**Determination as to probable cause (R.C.M. 405(a))**
There is probable cause for the specification as charged. The Accused drunken
and disorderly behavior described above was towards his subordinate. The
Accused is an officer who was in charge of the Victim. This behavior is
prejudicial to good order and discipline and of a nature to bring discredit on the
armed forces given the relative positions and ranks of the Accused and Victim.

**Determination as to jurisdiction (R.C.M. 405(a))**
There is jurisdiction over the accused and the offense.

(5) **Charge IV, Specification 2 (Fraternization)**

**Elements**
a. That, on 13 Jun 2018, the accused was a commissioned officer;
b. That on or about 13 Jun 2018 at Stafford, VA, the accused fraternized on
terms of military equality with MSgt J.E.R. by ( state the manner in which
the fraternization is alleged to have occurred);
c. That the accused then knew MSgt J.E.R. to be an enlisted member;
d. That such fraternization violated the custom of the Marine Corps; and

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

      **e. That, under the circumstances, the conduct of the accused was to the
prejudice of good order and discipline in the armed forces and of a nature to
bring discredit upon the armed forces.**

      <u>**Summary of Testimony and Documentary Evidence (R.C.M. 405(I)(2)(C))**</u>
During his statement to NCIS on 18 June 2018, the Victim describes at length the
Accused becoming overly intoxicated, attempting to wrestle the Victim, exposing
his penis on his way to the restroom, urinating on the floor and walls of his
subordinates hotel room, and attempting to enter the restroom while the Victim
using it.

      <u>**Determination as to whether specification alleges an offense (R.C.M. 405(a))**</u>
The specification alleges an offense and is in the proper form.

      <u>**Determination as to probable cause (R.C.M. 405(a))**</u>
There is probable cause to support the offense as charged.  While it may be
common for Officers and Senior Enlisted to share alcoholic drinks on occasion,
the totality of the circumstances support the premise that this drinking went far
beyond what is customary and appropriate between officer and enlisted members.
The Accused conduct was prejudicial to good order and discipline and of a nature
to bring discredit on the armed forces given the relative positions of the Accused
and Victim.  The Accused is a Major and the Victim is a MSgt who was in the
direct chain of command under the Major.  Additionally, the Accused conduct as
a field grade officer if known to the outside public was of a nature to bring
discredit upon the armed force.

      <u>**Determination as to jurisdiction (R.C.M. 405(a))**</u>
There is jurisdiction over the accused and the offense.

    m.  **Evidence of uncharged offenses.**  Government Counsel requested that the PHO
comment on whether there was probable cause for violation of the UCMJ article 86
unauthorized absence.  The Victim states that the day after the alleged incident the
Accused did not go to the conference as he was "hung over"  he goes on to state that
he attempted to cover for the Accused as the Accused is his OIC and he did not want
to damage his reputation.  The elements of article 86 are that (1) That (<u>state the
certain authority</u>) appointed a certain time and place of duty for the accused, that is,
the conference;(2) that the accused knew that he was required to be present at this
appointed time and place of duty; and that on 14 June 2018, the Accused, without
proper authority, failed to go to the appointed place of duty at the time prescribed.
There is not probable cause to support that the Accused failed to go to his appointed
place of duty.  The only evidence provided to the PHO was a recorded interview from
the Victim where he mentions in passing that the Accused did not attend the
conference the next day.  It may be assumed that the conference was the Accused's
appointed place of duty and that he failed to go, but without any evidence as to the

Subj:  PRELIMINARY HEARING OFFICER'S REPORT ICO UNITED STATES v. MAJOR
JOHNATHAN E. SCHILLO, USMC

> when, where, what time, and who required the Accused's presence, it is impossible
> for the PHO to find probable cause.
>
> n. **Objections:** The Defense objected Government exhibits 4, 12, 15, 16, 17 as
> irrelevant or unnecessarily cumulative.  Below are the PHO's determinations

| GE 4 Results of NCIS ROI | Defense Objects as Cumulative | The PHO considered the exhibit for its limited relevance. |
|---|---|---|
| GE 12 | Defense Objects as irrelevant | The PHO did not consider the exhibit in his determination of probable cause and determined the exhibit was irrelevant. |
| GE 15 | Defense Objects as irrelevant | The PHO did not consider the exhibit in the determination of probable cause and determined the exhibit was irrelevant. |
| GE 16 | Defense Objects as irrelevant | The PHO did not consider the exhibit in the determination of probable cause and determined the exhibit was irrelevant. |
| GE 17 | Defense Objects as irrelevant | The PHO did not consider the exhibit in the determination of probable cause and determined the exhibit was irrelevant. |

> o. **Recommendation regarding disposition in the interest of justice and discipline
> (R.C.M. 405(l)(2)(J) and (k)(3)(A)).**  In reaching a disposition recommendation, I considered
> the Non-Binding Disposition Guidance at Manual for Courts-Martial, Appendix 2.1 (NBDG).
> Given the nature of the offenses, the PHO respectfully recommends that the Accused be offered
> NJP and be required to show cause at a board of inquiry.

7.      Should you need to contact me with any additional questions or for further discussion,
my phone number is 760-725-0106 and e-mail is michael.j.mcdonald@usmc.mil.


M. J. MCDONALD

Exhibit 2: Intent to Impose Nonjudicial Punishment dated May 8th, 2019.



**UNITED STATES MARINE CORPS**
SCHOOL OF INFANTRY (WEST)
TRAINING COMMAND
BOX 555061
CAMP PENDLETON CA 92055-5061

IN REPLY REFER TO:
5000-82
LegO
MAY 06 2019

From:   Commanding Officer, School of Infantry (West)
To:     Major Jonathan E. Schillo ████████████ USMC

Subj:   NOTIFICATION OF INTENT TO IMPOSE NONJUDICIAL PUNISHMENT

Ref:    (a) Paragraph 4, Part V, MCM (2019 ed.)
        (b) JAGINST 5800.7F (JAGMAN)
        (c) MCO P5800.16 (LSAM)
        (d) NCIS rpt of 9 Aug 18 (CCN: 19JUN18-MWPE-0321-8MMA)
        (e) SECNAVINST 1920.6C

1.  In accordance with references (a) through (c), and based upon the information in reference (d), you are hereby notified that I intend to conduct an Article 15, Uniform Code of Military Justice (UCMJ), nonjudicial punishment (NJP) hearing in your case.

2.  You are advised of the following with regard to the proposed NJP:

    a.  That you are accused of the following violations of the UCMJ:

        (1) Article 128:  In that you did, on or about 13 June 2018, at or near Stafford, VA, unlawfully grab MSgt J. E. R., USMC, on the arm and waist with your hand;

        (2) Article 134:  In that you were, on or about 13 June 2018, in Stafford, VA, drunk and disorderly, and that said conduct was prejudicial of good order and discipline in the armed forces, and was of a nature to bring discredit upon the armed forces; and

        (3) Article 134:  In that you did, on or about 13 June 2018, in Stafford, VA, knowingly fraternize with MSgt J. E. R., USMC, an enlisted person, on terms of military equality, to wit: you did, after normal working hours, consume alcohol and attempt to wrestle with said MSgt J. E. R., USMC, in violation of the custom of the Naval Service of the United States that officers shall not fraternize with enlisted persons on terms of military equality, such conduct being to the prejudice of good order and

Subj:  NOTIFICATION OF INTENT TO IMPOSE NONJUDICIAL PUNISHMENT

discipline in the armed forces and of a nature to bring
discredit upon the armed forces.

   b.  Unless attached to or embarked in a vessel, you have the
right to refuse NJP.  You may demand trial by court-martial in
lieu of NJP.  If trial by court-martial is demanded, charges
could be referred for trial by special or general court-martial.
At a special or general court-martial, you have the right to be
represented by counsel.

   c.  That you may, upon request, examine available statements
and evidence upon which the allegations are based.

   d.  That you have the right not to make any statement
concerning these offenses.

   e.  That any statement you do make may be used against you
during these proceedings, in trial by court-martial, or in
administrative separation proceedings under reference (e).

   f.  That you may consult with a lawyer, either a civilian
lawyer retained by you at your own expense, or a judge advocate
at no expense to you, if one is reasonably available.

   g.  To be present at the hearing, or if you waive such
personal appearance, to submit written matters for
consideration.

   h.  That, if you request personal appearance, you will
receive a hearing at which you will be accorded the following
rights:

      (1) To be advised of the offense(s) of which you are
alleged to have committed;

      (2) That you will not be compelled to make any statement
regarding the offense(s) charged and that any statement you do
make can be used against you;

      (3) To be present during the presentation of all
information against you, including the testimony of witnesses
present and the receipt of written statements.  Copies of any
statements will be furnished to you;

Subj:   NOTIFICATION OF INTENT TO IMPOSE NONJUDICIAL PUNISHMENT

     (4) To have made available to you for inspection, all items of information in the nature of physical or documentary evidence to be considered by me;

     (5) To submit, orally, or in writing, or both, any matter in defense, extenuation, or mitigation, for consideration by me in determining whether you committed the offense(s) in question and, if so, an appropriate punishment;

     (6) To have present witnesses, upon request, if their statements are relevant and they are reasonably available;

     (7) To be accompanied at the hearing by a personal representative to speak on your behalf.  The command has no obligation to provide such a personal representative.  It is your own obligation to obtain and arrange for the presence of such a personal representative if you wish one.  The personal representative need not be a lawyer; and

     (8) To have the proceeding open to the public, unless I determine that the proceedings should be closed for good cause, or unless the punishment to be imposed will not exceed restriction for 14 days and an oral reprimand;

3.   You are further advised that if NJP is imposed, you have the right to appeal the NJP to the next superior authority within five working days, if you consider the punishment unjust or disproportionate to the offense(s) for which it is imposed. Such an appeal must be made within a reasonable time following the imposition of NJP.  In the absence of unusual circumstances, an appeal made more than five days following imposition of NJP may be considered as not having been made within a reasonable time.   Such an appeal must be in writing and should include your reasons for regarding the NJP as unjust or disproportionate. You may be required to undergo NJP imposed while your appeal is pending, except that if action is not taken on the appeal five days after the appeal was submitted, and you so request, any unexecuted punishment involving restraint shall be stayed until action on the appeal is taken.

4.   You are further advised that a report of this NJP will be made to the Commandant of the Marine Corps, (Deputy Commandant, Manpower and Reserve Affairs (DC M&RA)) and that you may be subject to involuntary separation proceedings directed by DC M&RA or an Alternate Show Cause Authority in accordance with the procedures set forth in reference (c).  If you are voluntarily or involuntarily separated before you complete an active duty service requirement incurred because you received advanced

3

Subj:  NOTIFICATION OF INTENT TO IMPOSE NONJUDICIAL PUNISHMENT

education assistance (United States Naval Academy, Reserve
Officer Training Corps, Platoon Leaders Class, Funded Law
Education Program, etc.), you may be required to reimburse the
Government on a pro-rata basis for the unserved portion of your
service obligation.

5.  You will indicate, by return endorsement hereon, your
understanding of the foregoing and your decision whether to
accept NJP, and return the endorsement to the Staff Judge
Advocate, Training Command within five working days.

K M Stoddard

K. M. STODDARD

---------------------------------------------------------------

5-13-19
(Date)

FIRST ENDORSEMENT

From:  Major Jonathan E. Schillo 1257274159/0202/8026 USMC
To:    Commanding Officer, School of Infantry (West)

1.  I hereby acknowledge my understanding of the advice stated
above and my right to demand trial by court-martial in lieu of
NJP.

2.  I [do]/[do not] desire to demand trial by court-martial and
[am]/[am not] willing to accept punishment under Article 15,
UCMJ.

3.  Prior to making my decision, I [did not have]/[had] the
opportunity to consult with a lawyer.  I understand that action
under reference (e) is not precluded by my acceptance of NJP.

(Signature of accused)

5-13-19
(Date)

N.L. WAGNER
(Witness, typed or printed name)

4

Exhibit 3: Withdrawal of Charges dated May 11, 2019.



**UNITED STATES MARINE CORPS**
SCHOOL OF INFANTRY (WEST)
TRAINING COMMAND
BOX 555041
CAMP PENDLETON, CA 92055-5041

5800
CO
MAY 14

From:   Commanding Officer, School of Infantry (West)
To:     Trial Counsel

Subj):  WITHDRAWAL OF CHARGES AND SPECIFICATIONS ICO UNITED STATES v.
        MAJOR JONATHAN SCHILLO, USMC

Ref:    (a) R.C.M. 306, MCM (2019 ed.)
        (b) R.C.M. 401, MCM (2019 ed.)
        (c) R.C.M. 504, MCM (2019 ed.)

Encl:   (1) DD Form 458, Charge Sheet dtd 11 Jan 19

1.  In accordance with the references, the charge and specifications
in enclosure (1) are hereby withdrawn and dismissed without prejudice.

K. M. STODDARD

Copy to:
Government Counsel
Defense Counsel

Exhibit 4: Report of Misconduct dated November 7th, 2019.



**UNITED STATES MARINE CORPS**
SCHOOL OF INFANTRY (WEST)
TRAINING COMMAND
BOX 555061
CAMP PENDLETON, CA 92055-5061

IN REPLY REFER TO:
1000-34
CO
**NOV 07** 2019

From: Commanding Officer, School of Infantry (West)
To:   Commandant of the Marine Corps (JPL)
Via:  (1) Commanding General, Training Command
      (2) Commanding General, Training and Education Command
      (3) Commanding General, Marine Corps Combat Development Command

Subj: REPORT OF MISCONDUCT IN THE CASE OF MAJOR JONATHAN E. SCHILLO ███████████ USMC

Ref:  (a) MCO P5800.16 (LSAM) (Officer Misconduct and Substandard
          Performance of Duty)
      (b) MCO P1070.12K w/ch 1 (IRAM)
      (c) SECNAVINST 1920.6C

Encl: (1) Investigating Officer's Rpt of 13 March 2019 (DD 457)
      (2) Naval Criminal Investigative Report (CCN: 19JUN18-MWPE-0321-8MMA)
      (3) Formal Counseling Entry of 29 May 2019
      (4) Medical evaluation
      (5) PTSD/TBI screening
      (6) Acknowledgment of Advanced Education Assistance Reimbursement
          requirement
      (7) CSACC Evaluation
      (8) Acknowledgement of receipt

1. This report is submitted per paragraph 010604 of reference (a).

2. An Article 32 Hearing was held on 28 February 2019 (see enclosure (1)) to investigate the following charges which were alleged in enclosure (2):

   a. Article 120c - That on or about 13 June 2018, at or near Stafford Virginia, intentionally expose his genitalia in an indecent manner, to wit: Exposing his penis in the presence of Master Sergeant J.E.R., U.S. Marine Corps, which conduct amounted to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations.

   b. Article 128 - That on or about 13 June 2018, at or near Stafford Virginia, unlawfully grab Master Sergeant J.E.R., U.S. Marine Corps, on the arm and waist with his hand.

   c. Article 133 - That on or about 13 June 2018, at or near Stafford, Virginia exhibited conduct unbecoming an officer and gentlemen by wrongfully and dishonorably exposing his penis to Master Sergeant J.E.R., U.S. Marine Corps.

   d. Article 134 - That on or about 13 June 2018, at or near Stafford, Virginia Major Schillo was drunk and disorderly, and that said conduct was to the prejudice of good order and discipline in the armed forces, and was of a nature to bring discredit upon the armed forces.

Subj: REPORT OF MISCONDUCT IN THE CASE OF MAJOR JONATHAN E. SCHILLO
███████ USMC

    e. Article 134 – That on or about 13 June 2018, at or near Stafford,
Virginia Major Schillo knowingly fraternized with Master Sergeant J.E.R.,
U.S. Marine Corps, an enlisted person, on terms of military equality, to wit:
That Major Schillo did, after normal working hours, consume alcohol and
attempt to wrestle with Master Sergeant J.E.R., in violation of the custom of
the Naval Service of the United States that officers shall not fraternize
with enlisted persons on terms of military equality, such conduct being to
the prejudice of good order and discipline in the armed forces and of a
nature to bring discredit upon the armed forces.

3. Though the Investigating Officer determined there was sufficient evidence
to support the charges of Article 128 (assault), Article 134 (drunk and
disorderly) and Article 134 (fraternization) against Major Schillo, an
objective analysis of the evidence reveals an absence of facts that would
support a conviction. Finally, because of a lack of aggravating
circumstances, the Investigating Officer did not find Major Schillo's conduct
so egregious that it warranted court-martial. Instead, he recommended
nonjudicial punishment and that he be required to show cause at a board of
inquiry. Enclosure (1).

4. On 8 May 2019, I notified Major Schillo that I intended to impose
nonjudicial punishment for the alleged offenses. On 13 May 2019, after
consultation with an attorney, he declined to accept nonjudicial punishment.
On 29 May 2019, I administratively counseled Major Schillo in accordance with
paragraph 3005 of reference (b). See enclosure (3).

5. On 26 September 2019, a medical provider evaluated Major Schillo and
found that he is qualified for separation, enclosure (4).

6. On 26 September 2019, an appropriately privileged medical provider-as
enumerated in paragraph 010302.D of reference (a)-evaluated Major Schillo for
Post-Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI),
enclosure (5). It was determined that Major Schillo does not have PTSD, but
did screen positive for TBI. However, his medical provider has indicated
that his TBI was not a contributing factor in the alleged misconduct.

7. Major Schillo has been advised of the reimbursement requirement for
advanced education assistance. Major Schillo's acknowledgment of this
requirement is contained within enclosure (6). Major Schillo attended the
Naval Academy and received advanced education assistance in the approximate
amount of $130,304.00. I do recommend that the reimbursement requirement be
waived in this case.

8. On 30 May 2019, a Licensed Independent Practitioner with the Consolidated
Substance Abuse Counseling Center (CSACC) evaluated Major Schillo and found
that he did not meet the criteria for Alcohol Use Disorder, enclosure (7).

9. Major Schillo will be afforded the opportunity to read this report and
will acknowledge that adverse information pertaining to this incident may be
included in his Official Military Personnel File, Enclosure (8).

10. Command's Recommendation. I view Major Schillo's conduct in this case
as unacceptably deficient in the key areas of character, leadership,
judgment, and decision-making. Accordingly, I have lost trust and confidence
in him and have relieved him for cause. He has also received a fitness
report commensurate with my comments above. Accordingly, I do recommend that

Subj:   REPORT OF MISCONDUCT IN THE CASE OF MAJOR JONATHAN E. SCHILLO
█████████████████    ███MC

Major Schillo be required to show cause for retention in the Marine Corps at
a Board of Inquiry pursuant to reference (c).

11.  In response to my notification, Major Schillo has elected to submit
additional matters for consideration.

K. M. STODDARD

Exhibit 5: First Endorsement
of C.W. Hasle dated
February 11th, 2020.



UNITED STATES MARINE CORPS
TRAINING COMMAND
2300 LOUIS ROAD
QUANTICO, VA 22134

IN REPLY REFER TO:
5000-97
C 472
FEB 1 1 2020

FIRST ENDORSEMENT on CO, SOI(W) ltr 1000-34 CO of 7 Nov 19

From:    Commanding General, Training Command
To:      Commandant of the Marine Corps (JPL)
Via:     (1) Commanding General, Training and Education Command
         (2) Commanding General, Marine Corps Combat Development Command

Subj:    REPORT OF MISCONDUCT IN THE CASE OF MAJOR JONATHAN E. SCHILLO
         ███████████ USMC

1.  Forwarded.

2.  Major Schillo raised several issues in the matters he submitted in
response to this report.  First, he alleged that the complainant
against him is "troubled," but provided no evidence to support this
contention.  Secondly, Major Schillo  assertion of unfair, unwarranted
suggestion of Article 120(c) or Article 133 offenses.  This claim is
addressed by the First Endorsement to the original correspondence,
which specifically excludes those offenses from the Report of
Misconduct. Major Schillo further contends that the Report of
Misconduct is inappropriate because there is insufficient information
to support it, and, as such, it is an abuse of discretion. This
contention ignores the documentation provided with the original
correspondence and the duty imposed on commanders in references (a)
and (c) to report misconduct allegations.  Major Schillo's matters
also conflate the probable cause standard applied by an Article 32
Preliminary Hearing Officer with the beyond-a-reasonable-doubt
standard at a court-martial, and the preponderance of the evidence
standard in administrative matters.

3.  After considering recommendation of the Commanding Officer, School
of Infantry (West), and the matters submitted by Major Schillo, I
recommend that Major Schillo be required to show cause for retention
in the Marine Corps at a Board of Inquiry (BOI).  Major Schillo's
conduct is a clear departure of what is expected of a Marine Corps
officer; therefore, I believe that he should be required to show cause
for retention in the Marine Corps at a BOI.

C. W. HASLE
Acting

4

# Exhibit 6: Board of Inquiry Findings dated January 6th, 2021.

## FINDINGS OF THE BOARD OF INQUIRY

*[AS THE BOARD VOTES DURING DELIBERATION, THE SENIOR MEMBER*
*INITIALS BLANKS ON THIS WORKSHEET TO INDICATE THE BOARD'S*
*DECISIONS.  THE SENIOR MEMBER WILL THEN ANNOUNCE THE BOARD'S*
*DECISIONS BY READING THIS WORKSHEET WHEN THE BOARD RECONVENES.]*

Major Jonathan Schillo ███████████ USMC, by a majority vote,
this Board of Inquiry finds that:

*[SELECT AND INITIAL NEXT TO PARAGRAPH (1) OR (2).  IF 2 IS*
*SELECTED, ALSO SELECT AND INITIAL PARAGRAPHS (3)-(5).]*

1. \_\_\_\_\_ **ALLEGATION(S) UNSUBSTANTIATED**.  The preponderance of
the evidence substantiates none of the reasons for separation
for cause.  Accordingly, the Board recommends that your case be
closed.

2. \_\_\_\_\_ **ALLEGATIONS(S) SUBSTANTIATED**.  The preponderance of
the evidence substantiates [one or more of] the reason(s) for
separation for cause as set forth below.

    a. \_\_\_\_\_ **Substandard Performance of Duty**.  Specifically:

        (1) \_\_\_\_\_ Failure to demonstrate acceptable qualities of
leadership required of an officer in the member's grade.

        (2) \_\_\_\_\_ Failure to properly discharge duties expected
of officers of the member's grade and experience.

        (3) \_\_\_\_\_ Failure to conform to prescribed standards of
dress, weight, personal appearance, or military deportment.

    b. \_\_\_\_\_ **Misconduct and Moral or Professional Dereliction**.
Specifically:

        (1) \_\_\_\_\_ Commission of a military or civilian offense
that, if prosecuted under the UCMJ, could be punished by
confinement of six months or more, or if prosecuted under the
UCMJ, would require specific intent for conviction.
Specifically:

            (a) \_\_\_\_\_ Violation of Article 86, Unauthorized
            Absence, UCMJ.

            (b) \_\_\_\_\_ Violation of Article 120c, Indecent
            Exposure, UCMJ.

FINDINGS OF THE BOARD OF INQUIRY CONT'D

    (c)    _____  Violation of Article 128, Assault, UCMJ.

    (d)    _____  Violation of Article 133, Conduct Unbecoming of an Officer and a Gentleman, UCMJ

    (e)    _____  Violation of Article 134, Drunk and Disorderly, UCMJ.

    (f)    _____  Violation of Article 134, Fraternization, UCMJ.

3. **RETENTION OR SEPARATION**.  Having found that the preponderance of the evidence substantiates [one or more of] the reason(s) for separation:

    a.    _____  **Retention**.  The Board finds that none of the reasons listed above warrant Major Schillo's separation from the naval service and recommends closing the case.

    b.    _____  **Separation**.  The Board recommends separating [Rank Name] from the naval service for the reason(s) listed above. The Board further recommends that Major Schillo's service be characterized as:

    (1)  _____  Honorable

    (2)  _____  General (Under Honorable Conditions)

    (3)  _____  Other Than Honorable

*[SEE ENCLOSURE (5) OF SECNAVINST 1920.6C FOR GUIDANCE ON CHARACTERIZATION OF SERVICE RECOMMENDATION]*

4. **MINORITY REPORT**

*[IF ANY MEMBER OF THE BOARD DOES NOT CONCUR WITH THE MAJORITY, THE NONCONCURRING MEMBER MUST SUBMIT A MINORITY REPORT WHICH INCLUDES THE EXTENT OF NON-CONCURRENCE AS TO EACH FINDING AND RECOMMENDATION AND THE REASONS THEREFORE.]*

    a.  _____  There is no minority report.  *OR*

    b.  _____  The minority report will be attached to the Report of the Board of Inquiry.

FINDINGS OF THE BOARD OF INQUIRY CONT'D

5. **ADDITIONAL CONSIDERATIONS**

    a. **Preserve Misconduct**

*[IF THE BOARD CONSIDERS PRESERVICE MISCONDUCT, THE SENIOR MEMBER MUST INDICATE THAT THE MEMBERS CONSIDERED THE PRESERVICE MISCONDUCT ONLY FOR THE PURPOSE OF DETERMINING WHETHER TO RECOMMEND RETENTION OR SEPARATION.]*

        (1) _____ The Board of Inquiry did not consider preservice misconduct. *OR*

        (2) _____ The Board of Inquiry considered preservice misconduct, but only for the purpose of determining whether to recommend retention or separation.

    b. **Misconduct Older Than Five Years**

*[THE BOARD MAY NOT CONSIDER MISCONDUCT **IDENTIFIED** MORE THAN FIVE YEARS PRIOR TO THE INITIATION OF PROCESSING FOR SEPARATION TO FORM THE **BASIS** FOR SEPARATION (SUBSTANDARD PERFORMANCE OF DUTY OR MISCONDUCT AND MORAL OR PROFESSIONAL DERELICTION). THE SENIOR MEMBER MUST INDICATE THAT THE MEMBERS DID NOT CONSIDER THIS TYPE OF MISCONDUCT TO FORM THE BASIS OF SEPARATION. THE BOARD MAY CONSULT WITH THE LEGAL ADVISOR WITH QUESTIONS CONCERNING PRIOR MISCONDUCT. SECNAVINST 1920.6_ ENCLOSURE (4), PARAGRAPH 11.e]*

        (1) _____ The Board of Inquiry did not consider misconduct identified more than five years prior to the initiation of processing for separation.

| | | |
|---|---|---|
| W. T. WILBURN<br>Col, USMC<br>President | C. R. FELDER<br>LtCol, USMC<br>Member | M. D. BRONSON<br>LtCol, USMC<br>Member |
| B. D. Brecher<br>Maj, USMCR<br>Recorder | C. W. Hotard<br>Capt, USMC<br>Respondent's Counsel | Mr. A. G. Meyer<br>Civilian<br>Respondent's Counsel |

# Exhibit 7: Board of Inquiry Report dated January 12th, 2021.



**UNITED STATES MARINE CORPS**
TRAINING AND EDUCATION COMMAND
1019 ELLIOT ROAD
QUANTICO, VIRGINIA 22134

IN REPLY REFER TO:
1000-35
B 052
12 Jan 21

From:  Colonel W. T. Wilburn, USMC, Senior Member
To:    Secretary of the Navy
Via:   (1) Commanding General, Training Command
       (2) Commanding General, Training and Education
           Command
       (3) Commandant of the Marine Corps (JPL)

Subj:  REPORT OF BOARD OF INQUIRY IN THE CASE OF MAJOR JONATHAN
       ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ USMC

Ref:   (a) SECNAVINST 1920.6D
       (b) MCO 5800.16 (LSAM), Vol 16 (Officer Misconduct
           and Substandard Performance of Duty)
       (c) Commanding General, Training and Education
           Command, ltr 1920 SJA of 23 Mar 20
       (d) Commander, Training Command, ltr 1621 C 472 of
           16 Sep 20

Encl:  (1) Government Exhibits
       (2) Respondent Exhibits
       (3) Findings and Recommendations Worksheet
       (4) Certificate of Service
       (5) Acknowledgment of Receipt
       (6) MCTFS
       (7) Privacy Act

1.  This report is submitted per enclosure (8) of reference (a)
and paragraph 010904.B of reference (b).

2.  As directed by references (c) and (d), a Board of Inquiry
(BOI) convened at Marine Corps Base Quantico, Virginia, on 5 and
6 January 2021, and conducted a hearing in accordance with the
requirements of references (a) and (b).

3.  Enclosures (1)-(7) are forwarded pursuant tb references (a)
and (b).

4.  REASONS FOR SHOWING CAUSE FOR RETENTION.  The purpose of the
Board of Inquiry was to recommend whether the respondent should
be separated from the U.S. Marine Corps, and if so, the

Subj:  REPORT OF BOARD OF INQUIRY IN THE CASE OF MAJOR JONATHAN
       SCHILLO ██████████████ USMC

appropriate characterization of service.  The Board considered
these specific reasons for separation:

    a.  Substandard Performance of Duties as evidenced by Major
Schillo's:

        (1)  Failure to demonstrate acceptable qualities of
leadership required of an officer in the member's grade;

        (2)  Failure to properly discharge duties expected of
officers of the member's grade and experience; and,

        (3)  Failure to conform to prescribed standards of dress,
weight, personal appearance, or military deportment.

    b.  Misconduct, and Moral, or Professional Dereliction as
evidenced by Major Schillo's:

        (1)  Commission of a military or civilian offense that
which could be punished by confinement of six months or more, or
if prosecuted under the UCMJ, would require specific intent for
conviction.  Specifically:

            (a)  A violation of Article 86 (Unauthorized
Absence), UCMJ;

            (b)  A violation of Article 120c (Indecent Exposure),
UCMJ;

            (c)  A violation of Article 128 (Assault), UCMJ;

            (d)  A violation of Article 133 (Conduct Unbecoming
of an Officer and a Gentleman), UCMJ;

            (e)  A violation of Article 134 (Drunk and
Disorderly), UCMJ; and,

            (f)  A violation of Article 134 (Fraternization),
UCMJ.

5.  ACTS ALLEGED.  The specific acts supporting the above bases
are:
            (a)  A violation of Article 86 (Unauthorized
Absence), UCMJ – That on 14 June 2018, Major Jonathan Schillo,
without proper authority, failed to go to his appointed place of
duty.

Subj:  REPORT OF BOARD OF INQUIRY IN THE CASE OF MAJOR JONATHAN
       SCHILLO ███████████████ USMC

        (b)    Article 120c (Indecent Exposure), UCMJ – That
on or about 13 June 2018, at or near Stafford, Virginia, Major
Jonathan Schillo, intentionally exposed his genitalia in an
indecent manner to Master Sergeant J.E.R., U.S. Marine Corps,
which conduct amounted to a form of immorality relating to
sexual impurity which is grossly vulgar, obscene, and repugnant
to common propriety and tends to excite sexual desire or deprave
morals with respect to sexual relations.

        (c)    A violation of Article 128 (Assault), UCMJ; –
That on or about 13 June 2018, at or near Stafford, Virginia,
Major Jonathan Schillo unlawfully grabbed Master Sergeant
J.E.R., U.S. Marine Corps, on the arm and waist with his hand.

        (d)   A violation of Article 133 (Conduct Unbecoming
of an Officer and a Gentleman), UCMJ; – That on or about 13 June
2018, at or near Stafford, Virginia, exhibit conduct unbecoming
an officer and gentlemen by wrongfully and dishonorable exposing
his penis to Master Sergeant J.E.R., U.S. Marine Corps.

        (e)   A violation of Article 134 (Drunk and
Disorderly), UCMJ; – That on or about 13 June 2018, at or near
Stafford, Virginia, Major Schillo was drunk and disorderly, and
that said conduct was to the prejudice of good order and
discipline in the armed forces, and was of a nature to bring
discredit upon the armed forces.

        (f)   A violation of Article 134 (Fraternization),
UCMJ – That on or about 13 June 2018, at or near Stafford,
Virginia, Major Jonathan Schillo knowingly fraternized with
Master Sergeant J.E.R., U.S. Marine Corps, an enlisted person by
consuming alcohol and wrestling with him after normal working
hours.

6.  RESPONDENT'S POSITION WITH RESPECT TO THE ALLEGATIONS:
Major Schillo made an unsworn statement.  Major Schillo stated
that he did not intentionally indecently expose himself to MSgt
J.E.R.  He stated that he did not abuse or assault MSgt J.E.R.
in any way.  Major Schillo also stated that he was not drunk or
disorderly and that he does not have a drinking problem.  Major
Schillo stated that he did not fraternize with Master Sergeant
J.E.R.  Major Schillo stated that he was not UA because he was
not required to be at the SNCO meeting.

7.  Findings.  The Board found that a preponderance of the
evidence did not prove the allegations.  See enclosure (3).

3

Subj:  REPORT OF BOARD OF INQUIRY IN THE CASE OF MAJOR JONATHAN
       SCHILLO ███████████████ USMC

8.  <u>Recommendations</u>.  The Board recommended closing the case.
See enclosure (3).

9.  <u>SERVICE AND BACKGROUND</u>.  As required by reference (a), the
following information is submitted concerning the respondent's
service record and background:

    a.  Date of Birth:  1 September 1983

    b.  Marital Status:  Married

    c.  Civilian Education:  Masters

    d.  Date of Appointment:  18 August 2006

    e.  Date of Rank:  1 May 2017

    f.  MOS:  0202

    g.  Service Schools:  See MCTFS Basic Training Record at
    enclosure (6).

    h.  Decorations/Awards:  See MCTFS Awards at enclosure (6).

10.  <u>PRESERVICE MISCONDUCT CONSIDERED</u>.  The Board did not
consider any preservice misconduct.

11.  <u>MISCONDUCT OLDER THAN FIVE YEARS</u>.  The Board did not
consider misconduct identified more than five years prior to the
initiation of processing for separation.

12.  <u>MINORITY REPORT</u>.  There is no minority report.

13.  Respondent's counsel will be served with a copy of this
Report, enclosure (4).  Respondent's counsel will have 10
calendar days from the date of service to submit written comments
to this Report.

14.  Major Schillo will be afforded the opportunity to read this
report.  Major Schillo will acknowledge that adverse information
pertaining to this incident may be include in his Official
Military Personnel File (OMPF).  Major Schillo will have 10

Subj:  REPORT OF BOARD OF INQUIRY IN THE CASE OF MAJOR JONATHAN
       SCHILLO ███████████████ USMC

calendar days from receipt of this report to submit written
comments for inclusion in his OMPF.

WILBURN.WILLIAM.THOM Digitally signed by
                     WILBURN.WILLIAM.THOMAS.JR
███████████████      Date: 2021.01.13 09:32:54 -05'00'

W. T. WILBURN

Exhibit 8:
Decision of
DC M&RA
Ottignon dated
April 29th,
2021.



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3280 RUSSELL ROAD
QUANTICO, VIRGINIA 22134-5103

IN REPLY REFER TO:
1920
JPL
APR 2 9 2021

From: Commandant of the Marine Corps
To:   Major Jonathan E. Schillo 1257274159/0202 USMC
Via:  Commanding General, Training and Education Command

Subj: TERMINATION OF ADMINISTRATIVE PROCEEDINGS IN CASE OF MAJOR
      JONATHAN E. SCHILLO            USMC

Ref:  (a) SECNAVINST 1920.6D
      (b) SrMbr ltr B 052 C 472 of 12 Dec 21
      (c) 10 U.S.C. § 1182
      (d) MCO P1070.12K W CH 1 (IRAM)
      (e) CO, SOI(W) ltr 1000-34 CO of 7 Nov 19

1. Pursuant to paragraph 11c of reference (a), I have been designated the Show Cause Authority
for the Marine Corps. In that capacity, I have reviewed reference (b). As required by reference
(c), I direct this case to be closed.

2. Adverse material concerning this matter will be included in your Official Military Personnel
File. Reference (d) defines adverse matters as "any document that reflects unfavorably upon a
Marine's mental, moral, or professional qualifications." I find that reference (e), meets this
definition. A copy of this document will therefore be included in your OMPF.

DAVID A. OTTIGNON
Deputy Commandant for
Manpower and Reserve Affairs

Copy to:
CG, TrngCmd (SJA)

# Exhibit 9:
# BCNR 21-5143.



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA  22204-2490

SEA
Docket No: 5143-21
Ref: Signature Date

MAJ JONATHAN E SCHILLO USMC
105 THRESHER LANE
STAFFORD VA 22554

Dear Petitioner:

This is in reference to your application for correction of your naval record pursuant to Section 1552 of Title 10, United States Code.  After careful and conscientious consideration of relevant portions of your naval record and your application, the Board for Correction of Naval Records (Board) found the evidence submitted insufficient to establish the existence of probable material error or injustice.  Consequently, your application has been denied.

A three-member panel of the Board, sitting in executive session, considered your application on 8 February 2022.  The names and votes of the members of the panel will be furnished upon request.  Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board.  Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, relevant portions of your naval record, and applicable statutes, regulations, and policies.

The Board carefully considered your request to remove your 29 May 2019 Administrative Remarks (page 11) entry, 7 November 2019 Report of Misconduct (ROM) and all associated documents.  The Board considered your contentions that because your Board of Inquiry (BOI) unanimously found that the allegations against you were unsubstantiated, the inclusion of the ROM and page 11 entry are an injustice, and the allegations remain unsubstantiated.  You also contend that the Marine Corps Individual Records Administration Manual (IRAM) does not permit the inclusion of unsubstantial misconduct.  You claim that since the allegations against you were unsubstantiated, the inclusion the ROM and page 11 entry is arbitrary and capricious and constitutes legal error.  You also claim that the adverse material relied upon a single piece of evidence—the word of the complaining witness—and ignored other evidence.

The Board noted that pursuant to the IRAM, you were issued a page 11 entry counseling you for being drunk and disorderly on 13 June 2018, and while on a temporary duty assignment with an enlisted Marine, you consumed a significant amount of alcohol, exposed yourself and urinated on the floor and walls of your hotel room, attempted to wrestle with the enlisted Marine and the next day you were absent from training due to your overindulgence in alcohol.  The Board also

noted that you acknowledged the page 11 entry and elected to submit a statement.  In your statement, you argued that you did not commit the alleged misconduct.  The Board, however, determined that the contested entry was issued and written according to the IRAM.  Specifically, the entry provided written notification concerning your misconduct, specific recommendations for corrective action, where to seek assistance, and it afforded you the opportunity to submit a rebuttal.  Moreover, your commanding officer signed the entry and determined that that your misconduct was a matter that formed an essential and permanent part of your military record, as it was his/her right to do.

The Board noted, too, that according to the ROM, an Article 32 hearing was held on 28 February 2019 to investigate the charges of Article 120c (intentionally exposed his genitalia), 128 (grabbing MSgt on the arm and waist), 133 (conduct unbecoming an officer), and 134 (drunk and disorderly conduct).  The ROM noted that although the investigating officer (IO) determined there was sufficient evidence to support the charges, an objective analysis of the evidence revealed an absence of facts that would support a conviction, the IO recommended non-judicial (NJP) and that you were required to show cause.

On 5 January 2021, you were required appear before the BOI, the BOI noted that according to your testimony, you did not intentionally indecently expose yourself to the Master Sergeant.  The BOI unanimously found that the preponderance of the evidence did not prove the allegations and recommended closing your case.  On 29 April 2021, the Deputy Commandant for Manpower and Reserve Affairs (DC (M&RA)) reviewed the available material, directed the closure of your case, found that your ROM met the definition of adverse material and determined that the adverse material would be included in your record.

Concerning your contention that the inclusion of the page 11 entry and ROM in your record are a violation of the IRAM because the BOI found that your allegations of misconduct was unsubstantiated, the Board determined that your attempt to conflate the BOI findings with the inclusion of adverse material in your record is misguided.  According to the Department of Defense Instruction 1320.04, adverse information is any substantiated adverse finding or conclusion from an officially documented investigation or inquiry or any other credible information of an adverse nature.  To be adverse, the information must be derogatory, unfavorable or of a nature that reflects clearly unacceptable conduct, integrity, or judgment on the part of the individual.  The Board also determined that according to the ROM your misconduct was substantiated and documented in the command investigation.  The Board further determined that BOIs are a separate and independent entity formed for the purpose of determining an officer's suitability for retention, thus the findings at the BOI do not invalidate your page 11 entry or ROM.  According to U.S.C. § 1182, the Secretary of the military department concerned shall convene a BOI at such times and places as the Secretary may prescribe to receive evidence and make findings and recommendations as to whether an officer who is required under section 1181 of this title to show cause for retention on active duty should be retained on active duty.  Accordingly, your CO was not bound by the BOI findings and the DC (M&RA) determined that your ROM was valid and constituted adverse material.  As explained above, the Board found sufficient evidence to support the command's determination that you committed misconduct.  You also indicated that you were diagnosed with a traumatic brain injury (TBI) on your application, the Board, however, noted that an appropriately

SEA
Docket No: 5143-21

privileged medical provider determined that your TBI was not a contributing factor in the alleged misconduct.  Accordingly, the Board concluded that there is no probable material error, substantive inaccuracy, or injustice warranting corrective action.

You are entitled to have the Board reconsider its decision upon submission of new matters, which will require you to complete and submit a new DD Form 149.  New matters are those not previously presented to or considered by the Board.  In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records.  Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

2/24/2022

X ~~Elizabeth A Hill~~

ELIZABETH A. HILL
Executive Director
Signed by: HILL.ELIZABETH.ANNE.1106915438

Exhibit 10:
Email from
Major
Thomas Eybl
dated July 14,
2021.



Schilio V1_BCNR Ltr July 2021 - Message (Plain Text)

Eybl Maj Thomas A.    Schilio Maj Jonathon E.

**Schilio V1_BCNR Ltr July 2021**

Signed By thomas.eybl@usmc.mil

You replied to this message on 7/14/2021 1:23 PM.
We converted this message into plain text format.

Schilio V1_BCNR Ltr July 2021.docx  ~
.docx File

Jonathan,

My apologies for the late reply. I had to wait for a phone call with Judge Advocate Division to talk through the LSAM, IRAM, and SECNAVINST on which controls inclusion of adverse material in the OMPF. The documents are all in conflict, so it is unwritten policy or not include them. I have edited the document to write around that.

Respectfully,

Major Thomas Eybl

Deputy Staff Judge Advocate

Training & Education Command

(O) 703-432-2284

(C) 571-329-7120