UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJOR JONATHAN E. SCHILLO, USMC,<br><br>               *Plaintiff,*<br><br>v.<br><br>THE HONORABLE CARLOS DEL TORO,<br>in his official capacity as the Secretary of the<br>Navy,<br><br>               *Defendant.* | Civil Action No. 22-1872 (APM) |

### ANSWER

Defendant THE HONORABLE CARLOS DEL TORO, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF THE NAVY ("Defendant") by and through the undersigned counsel, hereby files this Answer to MAJOR JONATHAN E. SCHILLO's ("Plaintiff") Complaint. Defendant expressly denies all the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer.  Defendant responds to the Complaint in like numbered paragraphs as follows[1]:

The FIRST unnumbered paragraph of Plaintiff's Complaint consists of Plaintiff's characterization of the facts contained in the administrative record to which no response is required.  To the extent a response is required, Defendant refers the Court to the administrative record which speaks for itself and is the best evidence of its contents.

The SECOND unnumbered paragraph of Plaintiff's Complaint consists of Plaintiff's

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

characterization of his view of the facts contained in the administrative record and his conclusions, which allegedly support his arguments in the case to which no response is required.  To the extent a response is required, Defendant refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

The THIRD unnumbered paragraph of Plaintiff's Complaint consists of Plaintiff's characterization of his view of the facts contained in the administrative record and his conclusions, which allegedly support his arguments in the case to which no response is required.  To the extent a response is required, Defendant refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

The FOURTH unnumbered paragraph of Plaintiff's Complaint consists of Plaintiff's characterization of his view of the facts contained in the administrative record and his conclusions, which allegedly support his arguments in the case to which no response is required.  To the extent a response is required, Defendant refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.  Defendant denies Plaintiff is entitled to any relief whatsoever.

## I.    JURISDICTION AND VENUE

1.  Paragraph 1 consists of legal conclusions to which no response is required.

2.  Paragraph 2 consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that venue is proper in this Judicial district.

## II.    THE PARTIES

3.  Defendant ADMITS paragraph 3.

4.  Defendant ADMITS paragraph 4.

## III.    STATEMENT OF THE FACTS

5.      Defendant admits the allegations in paragraph 5 insofar as Plaintiff graduated from the United States Naval Academy and was commissioned as an officer in the United States Marine Corps.  Defendant lacks sufficient information or knowledge to admit or deny the remainder of paragraph 5.

6.      The allegations in paragraph 6 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

7.      The allegations in paragraph 7 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

8.      The allegations in paragraph 8 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

9.      The allegations in paragraph 9 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

10.      Defendant lacks sufficient information or knowledge to admit or deny paragraph 10.

11.      Defendants lack sufficient information or knowledge to admit or deny paragraph

11.

12.     The allegations in paragraph 12 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

13.     The allegations in paragraph 13 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

14.     The allegations in paragraph 14 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

15.     The allegations in paragraph 15 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

16.     The allegations in paragraph 16 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

17.     The allegations in paragraph 17 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its

contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

18.     The allegations in paragraph 18 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

19.     The allegations in paragraph 19 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

20.     The allegations in paragraph 20 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

21.     The allegations in paragraph 21 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

22.     The allegations in paragraph 22 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

23.     The allegations in paragraph 23 constitute Plaintiff's characterization of the

administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

24.    The allegations in paragraph 24 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

24.    The allegations in paragraph 25 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

25.    The allegations in paragraph 26 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

26.    The allegations in paragraph 27 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

27.    The allegations in paragraph 28 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant deny the same.

28.     Paragraph 29 contains legal conclusions and Plaintiff's characterization of the administrative record to which no response is required. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

29.     The allegations in paragraph 30 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

30.     The allegations in paragraph 31 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

32.     The allegations in paragraph 32 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

33.     The allegations in paragraph 33 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

34.     The allegations in paragraph 34 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record,

Defendant denies the same.

35. The allegations in paragraph 35 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

36. The allegations in paragraph 36 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

37. The allegations in paragraph 37 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

38. Defendant lacks sufficient information to admit or deny the allegations in paragraph 38.

39. Defendant lacks sufficient information to admit or deny the allegations in paragraph 39.

40. Defendant lacks sufficient information to admit or deny the allegations in paragraph 40.

41. The allegations in paragraph 41 constitute Plaintiff's characterization of the administrative record insofar as it references Exhibit 4. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations refer to information outside of the administrative record, Defendant lacks sufficient information to admit or deny the

allegations and therefore denies the same.

42.     The allegations in paragraph 42 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

43.     The allegations in paragraph 43 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

44.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 44.

45.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 45.

46.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 46.

47.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 47.

48.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 48.

49.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 49.

50.     Paragraph 50 contains Plaintiff's legal conclusions as to the process of the Article 32 hearing, to which no response is required.  To the extent a response is required, Defendant

denies that any breach of process occurred.  Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in paragraph 50.

51.     The allegations in paragraph 51 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

52.     The allegations in paragraph 52 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

53.     The allegations in paragraph 53 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

54.     The allegations in paragraph 54 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

55.     The allegations in paragraph 55 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

56.     The allegations in paragraph 56 constitute Plaintiff's characterization of the

administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

57.     The allegations in paragraph 57 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

58.     The allegations in paragraph 58 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

59.     The allegations in paragraph 59 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

60.     The allegations in paragraph 60 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

61.     The allegations in paragraph 61 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

62.     The allegations in paragraph 62 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

63.     The allegations in paragraph 63 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

64.     The allegations in paragraph 64 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

65.     The allegations in paragraph 65 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     This paragraph speculates as to future unknown consequences. As such, this Defendant lacks sufficient information to admit or deny the allegations in paragraph 68.

## **ARGUMENT**

**Claim 1:  The BCNR's factually unsubstantiated refusal to remove the adverse information from Plaintiff's file was contrary to law because Department of Defense Regulation requires adverse information to be substantiated by the preponderance of the evidence standard,**

and the charges against Plaintiff were found unsubstantiated on the plausible cause and preponderance standards.

69.    Paragraph 69 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies them.

70.    Paragraph 70 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies them.

71.    Paragraph 71 consists of an excerpt from Department of Defense Instruction ("DODI") 1320.04, to which no response is required.  DODI 1320.04 speaks for itself and is the best evidence of its contents.

72.    Paragraph 72 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies them.

73.    Paragraph 73 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies them.

74.    Paragraph 74 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies them.

75.    The allegations in paragraph 75 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

76.     Defendant denies the allegations in paragraph 76.

77.     Paragraph 77 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

78.     Paragraph 78 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

79.     The allegations in paragraph 79 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

80.     Paragraph 80 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

81.     The allegations in paragraph 81 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

82.     The allegations in paragraph 82 constitute Plaintiff's characterization of the administrative record and legal conclusions.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.  To the extent the allegations contain legal conclusions, no response is required.  To the extent that the legal conclusions contain allegations

14

to which a response is required, Defendant denies such allegations.

83.    The allegations in paragraph 83 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

84.    Paragraph 84 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

85.    Paragraph 85 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

86.    The allegations in paragraph 86 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

87.    The allegations in paragraph 87 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

88.    The allegations in paragraph 88 constitute Plaintiff's characterization of the administrative record. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

89.     Paragraph 89 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

90.     The allegations in paragraph 90 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

91.     Paragraph 91 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

92.     The allegations in paragraph 92 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

93.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 93.

94.     Paragraph 94 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

95.     Paragraph 95 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

96.     Paragraph 96 consists of legal conclusions to which no response is required. To the

extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

97.    Paragraph 97 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

98.    Paragraph 98 poses a question and is not a statement of fact, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

99.    Defendant denies the allegations in paragraph 99.

100.    Paragraph 100 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

**Claim 2:    The BCNR's finding that the allegations against Plaintiff were unsubstantiated must be vacated as arbitrary and capricious, because the Department of the Navy was deviating from a prior position without explanation.**

101.    Paragraph 101 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

102.    Paragraph 102 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

103.    The allegations in paragraph 103 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record,

Defendant deny the same.

104.    Paragraph 104 consists of legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

105.    The allegations in paragraph 105 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

106.    The allegations in paragraph 106 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

107.    The allegations in paragraph 107 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

108.    The allegations in paragraph 108 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

109.    Paragraph 109 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

110.    Paragraph 110 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

111.    The allegations in paragraph 111 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

112.    The allegations in paragraph 112 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

113.    Paragraph 113 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

114.    Paragraph 114 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

115.    The allegations in paragraph 115 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

116.    The allegations in paragraph 116 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its

contents.   To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

117.    Paragraph 117 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

118.    Paragraph 118 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

**Claim 3:  The refusal by the BCNR to remove the adverse information from Plaintiff's records must be vacated as arbitrary and capricious because injustice was clearly present within the record.**

119.    Paragraph 119 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

120.    The allegations in paragraph 120 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.   To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

121.    Paragraph 121 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

122.    Paragraph 122 poses a question and is not a statement of fact, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

123.    Paragraph 123 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

**Claim 4:  The refusal by the BCNR to remove the adverse information from Plaintiff's records must be vacated as unsupported by substantial evidence.**

124.    Paragraph 124 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

125.    Paragraph 125 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

126.    The allegations in paragraph 126 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

127.    The allegations in paragraph 127 constitute Plaintiff's characterization of the administrative record.  The administrative record speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the administrative record, Defendant denies the same.

128.    Paragraph 128 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

129.    Paragraph 129 consists of legal conclusions, to which no response is required. To

the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

130.    Paragraph 130 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

**Claim 5:  Restoring the Plaintiff to the position he was in prior to the error and injustice inflicted upon him requires removing every single piece of derogatory information associated with the unsubstantiated accusations from his files, removing any failure for selection to Lt. Col. from his files that has occurred while the derogatory information was in his files, permitting him to compete "in zone" for promotion for the next Fiscal Year Promotion Board, the granting of Special Selection Boards for each year he was/is passed over, and, should he be denied continuation while the information is in his files, the removal of this denial and reconsideration for continuation.**

131.    Paragraph 131 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

132.    Paragraph 132 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

133.    Paragraph 133 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

134.    Paragraph 134 consists of legal conclusions, argument and speculation, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

135.    Paragraph 135 consists of legal conclusions, argument and speculation, to which

no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

136.    Paragraph 136 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

137.    Paragraph 137 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

138.    Paragraph 138 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

139.    Paragraph 139 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

140.    Paragraph 140 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

141.    Paragraph 141 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

142.    Paragraph 142 consists of legal conclusions and argument, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendant denies such allegations.

**Conclusion**

The remainder of Plaintiff's Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

Plaintiff is procedurally barred as a matter of law from asserting any claim not raised and adjudicated before the BCNR.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent that any requested relief exceeds the relief authorized by the Administrative Procedure Act.

## THIRD DEFENSE

All actions taken by Defendant with respect to Plaintiff were rendered in good faith and supported by the administrative record.

## FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

WHEREFORE, having fully answered the complaint, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by his Complaint, and that Defendant be allowed costs and such other and further relief as the Court deems just and equitable.

Dated: December 14, 2022
      Washington, D.C.

    Respectfully submitted,

    MATTHEW M. GRAVES, D.C. Bar. #481052
    United States Attorney

    BRIAN P. HUDAK
    Chief, Civil Division

    By:       /s/ *Patricia K. McBride*
      PATRICIA K. MCBRIDE
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      202-252-7123

    *Attorneys for the United States of America*