UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNATHAN E. SCHILLO,<br><br>    Plaintiff,<br><br>  v.<br><br>CARLOS DEL TORO, SECRETARY OF<br>THE NAVY,<br><br>    Defendant. | Civil Action No. 22-1872 (APM) |

**JOINT MOTION
FOR VOLUNTARY REMAND AND STAY**

For the reasons set forth below, the parties respectfully request that the Court remand this action to the Board for Correction of Naval Records ("BCNR") and stay this proceeding pending the agency's issuance of a new decision. This is a joint request for voluntary remand.

Defendants deny that the BCNR made any error whatsoever. Defendants agree to a voluntary remand on the sole basis that Plaintiff cites—for the first time—in his complaint to new evidence not in existence at the time of the BCNR's decision, *i.e.*, the Board of Inquiry (BOI) transcript that was produced in 2022 by Service Z. ECF No. 1, ¶ 39.

The parties now request that the Court remand this matter to the BCNR so that Plaintiff can submit a new petition to the BCNR to consider the new evidence and arguments therefrom, consider the allegations asserted by Plaintiff in his complaint, the brief and exhibits that Plaintiff submitted in his initial application to the BCNR, and any additional records or other evidence provided by Plaintiff on remand.

Specifically, the parties propose that, within 30 days of this matter being remanded, Plaintiff shall submit any materials to the BCNR that he believes should be considered. The

BCNR will then consider the petition and determine whether Plaintiff is entitled to his requested relief based on its review of the entire existing administrative record, the allegations asserted by Plaintiff in his complaint, the brief and exhibits that Plaintiff submitted in his initial application to the BCNR, as well as any additional new material submitted by Plaintiff. The BCNR will issue a new decision within six months of Plaintiff's submission of any additional material to the BCNR.

Within 30 days after final action by the BCNR, the parties shall file a Joint Status Report setting forth their respective positions as to whether this case is moot or should be reinstated on the Court's active docket.

Accordingly, the Parties move the Court for a voluntary remand of the case to the agency for further action in accordance with the attached order, and to stay proceedings until a final determination is rendered by the BCNR.

**VOLUNTARY REMAND**

"Administrative agencies have the inherent power to reconsider their own decisions through a voluntary remand. *Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015) (citing *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008)). "The decision whether to grant an agency's request to remand is left to the discretion of the court." *Id.* (citing *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010)). "A court may grant an agency's request to remand 'when new evidence becomes available after an agency's original decision was rendered.'" *Id.* (quoting *Carpenters Indus. Council*, 734 F. Supp. 2d at 132 (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001)). "Even in the absence of new evidence . . . , voluntary remand may be appropriate where an 'agency requests a remand (without confessing error) in order to reconsider its previous position' . . . ." *Id.* (quoting *SKF*, 254 F.3d at 1029). "In such cases, voluntary remand is usually appropriate if the

agency expresses a 'substantial and legitimate' concern about the agency's earlier decision. *Id*. (quoting SKF, 254 F.3d at 1029, *Sierra Club*, 560 F. Supp. 2d at 23). "Granting voluntary remand in such circumstances is appropriate, as it preserves scarce judicial resources." *Carpenters*, 734 F. Supp. 2d at 132. "A court, however, should deny an agency's request to remand where the request is 'frivolous or in bad faith.'" *Id.* (quoting *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008)).

Here, Plaintiff cites in his complaint to new evidence not in existence at the time of the BCNR's decision and which, therefore, the BCNR did not have an opportunity to consider. Remand will permit the BCNR, in the first instance, to consider this evidence and to determine, in light of such new evidence, whether Plaintiff is entitled to the relief he seeks. Remand will thus result in Plaintiff obtaining the relief he seeks or, if the BCNR again denies relief, will afford this Court the benefit of complete administrative record that includes Plaintiff's new evidence. In either case, remand serves judicial economy by "preserv[ing] scarce judicial resources." *Carpenters Indus. Council*, 734 F. Supp. 2d at 132.

WHEREFORE, for the reasons set forth above, the parties request a voluntary remand of the case to the agency for further action, and to stay proceedings until a determination is rendered by the BCNR. A proposed order is included with this motion.

Dated:  May 30, 2023
       Washington, DC

                    Respectfully submitted,

                    MATTHEW M. GRAVES, D.C. Bar. #481052
                    United States Attorney

                    BRIAN P. HUDAK
                    Acting Chief, Civil Division


By: _____/s/_____

                    PATRICIA K. MCBRIDE
                    Assistant United States Attorney
                    555 Fourth Street, NW
                    Washington, DC 20530
                    202-252-7123

                    *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNATHAN E. SCHILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLOS DEL TORO, SECRETARY OF<br>THE NAVY,<br><br>        Defendant. | Civil Action No. 22-1872 (APM) |

PROPOSED ORDER

        Pursuant to the Parties Joint Motion to Remand and for good cause shown it is

HEREBY ORDERED that this matter is remanded to the agency

        SO ORDERED.

SIGNED:

_____                    _____
Date                               United States District Judge